# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 18-mj-11463-WQH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| OBLIN DAGOBERTO VELASQUEZ-LUNA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss Complaint and case, grant a jury trial, and hold all proceedings in closed courtroom under seal filed by Defendant. (ECF No. 9).

On November 30, 2018, Defendant was arrested in an area approximately eleven miles west of the Calexico, California West Port of Entry.

On December 3, 2018, Defendant was charged in a complaint with eluding examination and inspection in violation of 8 U.S.C. § 1325(a)(2), a Class B misdemeanor.

On December 3, 2018, Defendant made an initial appearance before the United States Magistrate Judge.

On December 12, 2018, the case was transferred to this district court and a status hearing was set for December 17, 2018.

On December 17, 2018, this court held a hearing and set a motion filing date and a trial date.

On January 16, 2019, Defendant moved the Court to dismiss the complaint, to order a jury trial, and to hold trial in sealed courtroom. Plaintiff United States filed an opposition.

**Motion to dismiss**

Defendant moves to dismiss the complaint on the grounds that Article 31(1) of the United Nations 1967 Protocol Relating to the Status of Refugees (the Protocol) precludes prosecution of his violation of 8 U.S.C. § 1325. Defendant asserts that international treaty obligations prevent the government from prosecuting asylum seekers who have good cause for illegally entering the United States. Defendant asserts that he is a person who satisfies the conditions in Article 31(1) and therefore exempt from criminal prosecution for illegally entering the United States under 8 U.S.C. § 1325. Plaintiff United States contends that the Protocol confers no judicially enforceable rights and cannot serve as a ground to dismiss the complaint.

"The United States acceded to the [United Nations Protocol Relating to the Status of Refugees] in 1968, though it did not sign the Convention itself." *Khan v. Holder*, 584 F.3d 773, 783 (9th Cir. 2009). "The Protocol bound parties to comply with the substantive provisions of Articles 2 through 34 of the United Nations Convention Relating to the Status of Refugees." *I.N.S. v. Stevic*, 467 U.S. 407, 416 (1984) (internal citations omitted). Article 31(1) of the Protocol provides that

> The Contracting States shall not impose penalties, on account of their illegal entry or presence, on refugees, who, coming directly from a territory where their life or freedom was threatened in the sense of Article 1, enter or are present in their territory without authorization, provided they present themselves without delay to the authorities and show good cause for their illegal entry or presence.

19 U.S.T. 6223. "However, the Protocol is not self-executing." *Khan*, 584 F.3d at 783. A "non-self-executing treaty does not by itself give rise to domestically enforceable federal law. *Id*. "Therefore, the Protocol does not have the force of law in American courts. Instead, the Supreme Court and our court have both stated that the Protocol serves only as a useful guide in determining congressional intent in enacting the Refugee Act of 1980, which sought to bring United States refugee law into conformity

1 with the Protocol." *Id*. (internal quotations omitted).

2 Defendant cannot rely on Article 31(1) of the Protocol to challenge his 3 prosecution. The Protocol does not confer judicially enforceable rights that preclude 4 his prosecution under 8 U.S.C. § 1325(a)(2) for eluding inspection and examination. 5 *See United States v. Guevara-Medina*, 2018 WL 3970092 at * (S.D. Cal. Aug 29, 6 2018)("Defendant cannot rely on Article 31(1) of the Protocol to challenge his [§1325] 7 prosecution"); *United States v. Munoz*, 2017 WL 4922047, at *3 (D. Ariz. Oct. 30, 8 2017) (case law makes "clear that [d]efendant acquired no rights under the 1967 9 Protocol, including its incorporation of Article 31(1) of the United Nations Convention 10 Relating to the Status of Refugees" and "accordingly cannot rely on these international 11 agreements as a basis for dismissing his [§1326] indictment").

12 Defendant's motion to dismiss the complaint is denied.

**Motion for jury trial**

14 Defendant contends that the Sixth Amendment requires a jury trial in this case. 15 Plaintiff United States contends that Defendant is not entitled to a jury trial in this 16 misdemeanor case.

17 The United States Supreme Court has concluded that "there is a category of petty 18 crimes or offenses which is not subject to the Sixth Amendment jury trial provision." 19 *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968). In determining whether a particular 20 offense should be considered 'petty,' the court considers "objective indications of the 21 seriousness with which society regards the offense." *Frank v. United States*, 395 U.S. 22 147, 148 (1969).

23 A defendant is entitled to a jury trial "where imprisonment for more than six 24 months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69 (1970). Charges with a 25 sentence of six months or less are presumed for the purposes of the Sixth Amendment 26 as 'petty.' *Blanton v. City of North Las Vegas*, *Nev.*, 489 U.S. 538, 543 (1989). In 27 *United States v. Wallen*, 874 F.3d 620, 625 (9th Cir. 2017), the Court of Appeals stated:

> "It is well established that the Sixth Amendment, like the common law, reserves th[e] jury trial right for prosecutions of serious offenses, and that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.'" *Lewis v. United States*, 518 U.S. 322, 325, 116 S. Ct. 2163, 135 L.Ed.2d 590 (1996) (quoting *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)). "[T]o determine whether an offense is petty, we consider the maximum penalty attached to the offense." *Id*. at 326, 116 S.Ct. 2163. "An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." *Id*.

In this case, the offense charged is a Class B misdemeanor that carries a maximum term of imprisonment of 6 months. This is a 'petty' offense not subject to the jury trial provisions of the Sixth Amendment. Deportation is not a penalty authorized as a consequence of a conviction. The Court concludes that a collateral consequence of deportation after conviction does not authorize an additional penalty or indicate that the legislature considered this misdemeanor charge a serious offense subject to the jury trial right. *See United States v. Rodriguez*, 742 F.2d 1194 (9th Cir. 1984) ("The alleged collateral consequences that may flow from future illegal behavior do not convert the border-crossing misdemeanor into a 'serious offense' for which the Sixth Amendment requires a trial by jury.").

Defendant's motion for a jury trial is denied.

**Motion to hold all proceedings in closed courtroom**

"A party seeking to seal a judicial record ... bears the burden of overcoming [a] strong presumption [in favor of public access] by meeting the compelling reasons standard." *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). A party seeking to seal court documents can overcome the presumed right to access "only by [establishing] an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publ'g Co. v. U.S. Dist Court for the Dist. of Or.,* 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Ct.*, 464 U.S. 501, 510 (1985).

Defendant has not overcome the presumption in favor of public access to criminal proceedings. The provisions against disclosures to third parties in 8 C.F.R. § 208.6 have no application to the conduct of this criminal proceedings. Defendant has not shown any compelling reason this court would conduct this criminal proceedings "privately, with the record sealed." (ECF No. 9-1 at 16).

Defendant's motion to hold all proceedings in a closed courtroom under seal is denied.

**Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss Complaint and case, grant a jury trial, and hold all proceedings in closed courtroom under seal filed by Defendant (ECF No. 9) is denied.

DATED: January 28, 2019

**WILLIAM Q. HAYES**
United States District Judge